UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATTI A. CASTER,

              Plaintiff,

   v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

              Defendant.

CASE NO.   C08-5002JKA

ORDER AFFIRMING
ADMINISTRATIVE DECISION

      This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).  This matter has been briefed and after reviewing the record, the Court affirms the Social Security Administration's decision denying plaintiff's application for social security benefits.

      Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision to award plaintiff benefits from June 15, 2002, through April 19, 2005, (due primarily to Plaintiff's need for knee replacement surgery and rehabilitation) but to terminate benefits thereafter. Specifically, plaintiff argues the ALJ failed to properly consider Plaintiff's major depression and thus, the ALJ erroneously found Plaintiff's condition to have significantly improved as of April 19, 2005.

      After reviewing the record, the court finds and orders as follows:

      1. This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision.

ORDER
Page - 1

Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

    2. The ALJ properly reviewed and considered the medical evidence, including Plaintiff's mental health impairments. The ALJ is entitled to resolve conflicts in the medical evidence.  Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987).  He may not, however, substitute his own opinion for that of qualified medical experts.  Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982).  "'When there is conflicting medical evidence, the [Commissioner] must determine credibility and resolve the conflict.'" Thomas v. Barnhart, 278 F.3d 947, 956- 957 (9th Cir. 2002) (quoting Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992)). Even if the evidence were "susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

    Here, the ALJ discussed the medical evidence of severe degenerative arthritis bilaterally in her knees that resulted in a left knee arthroscopy in April 2002, and bilateral knee replacements in April 2004. Tr. 148, 475, 480-82, 606, 611-12. The ALJ found that due to pain significant enough to require knee replacements, "while the claimant could perform sedentary to light work, she could not sustain work for eight hours per day and for five days per week for the period defined" (Tr. 149).  The ALJ subsequently found that Plaintiff would be unable return to the past relevant work and the evidence supported a finding that Plaintiff was disabled during a closed period (Tr. 149-150).  Accordingly, the ALJ found, by April 19, 2005, Plaintiff's symptoms and signs evidenced a decrease in the medical severity of her impairments. Tr. 152.  The ALJ's finding is supported by substantial evidence in the record, including reports from Plaintiff's treating physician that the strength in her legs was improving and she could perform all of her activities of daily living (Tr. 152, 597), she was off of all pain medication (Tr. 152, 597), and Plaintiff had good function in both knees and that she would be capable of returning to some type of competitive employment, but not her past job (Tr. 152, 596).

1          The ALJ properly addressed the medical evidence regarding Plaintiff's depression.  The
2   ALJ specifically found there was insufficient evidence to establish that Plaintiff's diagnosed major
3   depressive disorder. Tr. 146-47.  The ALJ noted the diagnosis of Leslie E. Postovoit, Ph.D. and Plaintiff's
4   reports of feeling sad all the time, having little motivation, and have greater difficulties making decisions.
5   Tr. 146. The ALJ contrasted these statements by noting Dr. Postovoit had rated Plaintiff's Global
6   Assessment of Functioning (GAF) at 70, which is indicative of an individual with some mild symptoms,
7   but that is generally functioning pretty well. (Tr. 146, 425). The ALJ also noted relatively benign findings
8   upon examination including the ability to follow a three step command, demonstrate adequate
9   concentration, persistence and pace for the tasks presented during the interview, and Plaintiff's reported
10  activities of going to fast food restaurants a few times a week, shopping at the grocery store with her
11  daughter, cleaning dishes, managing her own finances, visiting with her daughter and granddaughter
12  twice a week, watching television, and reading daily. Tr. 147-48, 422-24. The ALJ further discussed
13  medical records from James Parker, M.D., covering January 2003, through November 2005, that showed
14  Plaintiff was being prescribed psychotropic medications, but that there were no specific complaints of
15  depression.  Tr. 147, 444-56, 613-32, 664-98. The ALJ noted that Dr. Parker's records consistently
16  indicated that Plaintiff was well appearing, well nourished, in no distress, oriented, and with a normal
17  mood and affect. Tr. 147, 444-56, 613-32, 664-98. The ALJ properly relied on this evidence to find that
18  although Plaintiff experienced depressive symptoms at times, they were only transient and did not
19  establish significant functional limitations. Tr. 147.
20         Plaintiff argues for a more favorable interpretation of the medical record. However, in such
21  circumstances, the Ninth Circuit Court of Appeals has stated, "[w]hen the evidence before the ALJ is
22  subject to more than one rational interpretation, we must defer to the ALJ's conclusion." <u>Batson v.</u>
23  <u>Comm'r of SSA</u>, 359 F.3d 1190, 1197-98 (9th Cir. 2004).  The ALJ's residual functional capacity finding
24  that Plaintiff was able "to lift/carry 25 pounds occasionally and 10 pounds frequently, stand 30 minutes at
25  a time, walk 45 minutes at a time, and sit without limitations," but can not kneel, climb ladders, crawl, or
26  squat without any non-exertional limitations on her ability to do work is properly supported by substantial
27  evidence in the record.  (Tr. 151).
28         3. Accordingly, the Court AFFIRMS the Social Security Administration's final decision and this

1  matter is DISMISSED in favor of defendant.

2      DATED this 26th day of May, 2008.

                                         */s/ J. Kelley Arnold*
                                         J. Kelley Arnold
                                         U.S. Magistrate Judge

ORDER
Page - 4